**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3015
_____

MARTHEN WENNY WATONG,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-427-462)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed February 7, 2011)
_____

OPINION
_____

PER CURIAM.

　　　　Petitioner seeks review of the decision of the Board of Immigration

Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his

application for relief.  For the reasons that follow, we will deny the petition for review.

1

Marthen Wenny Watong,[1] a Christian Indonesian citizen born in Manado, Indonesia, sought asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. He asserted that people from Manado have lighter complexions than many Indonesians and certain characteristics generally attributed to ethnic Chinese. Watong therefore based his claim for relief on his position that he has been and will continue to be persecuted as a Christian perceived to be an ethnic Chinese.

In support of his application, Watong testified that during the riots of May 1998, his wife was forced to spend the night at her workplace and he resorted to dressing himself and his wife as Muslims in order to return home safely. Watong does not allege that he or his wife was specifically targeted during these riots or that they were physically harmed in any way. Watong further testified that in August 2000, he was beaten and threatened by a neighbor named Abdullah, allegedly because of his religion and perceived ethnicity. He maintained that Abdullah threatened to kill him if he remained anywhere in Indonesia and testified that he believes that Abdullah is still looking for him and will kill him if he returns to Indonesia. He did not report this incident to the police.

The IJ assumed that Watong's asylum application was timely filed, and proceeded to a decision on the merits. The IJ concluded that Watong had not demonstrated either that he had suffered past persecution or that he had a well-founded

---

[1] Petitioner's name is alternately spelled "Watong" and "Watung" in the record. We refer to him here as "Watong" -- the spelling reflected on our docket.

fear of future persecution. The IJ further found that Watong had not satisfied the more stringent requirements for withholding of removal or CAT relief. The IJ granted his application for voluntary departure. The BIA affirmed, agreeing with the IJ that Watong failed to establish that he suffered mistreatment that rose to the level of persecution.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review factual findings for "substantial evidence," such that they must be upheld unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We review legal determinations de novo. See Kaplun v. Attorney Gen., 602 F.3d 260, 265 (3d Cir. 2010).

To be granted asylum, Watong was required to show that he is "unable or unwilling to return to [Indonesia] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158. To be eligible for withholding of removal, Watong must have demonstrated that it is more likely than not that his life would be threatened in Indonesia based on one of these protected grounds. See 8 U.S.C. § 1231(b)(3)(A). For relief under the CAT, Watong must have proven that it is more likely than not that he would be tortured if removed to Indonesia. See 8 C.F.R. § 1208.16(c)(2).

Based on the testimony and other evidence in the record, we agree that Watong failed to meet his burden of proving past persecution or a well-founded fear of future persecution. See Lie v. Ashcroft, 396 F.3d 530, 535-37 (3d Cir. 2005).

3

Furthermore, Watong did not allege any incidents or likelihood of torture, and thus cannot meet the criteria for relief under the CAT. See Zubeda v. Ashcroft, 333 F.3d 463, 472 (3d Cir. 2003). For the reasons set forth, we will deny the Petition for Review.